IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADFORD COUNTY
BRANCH OF THE NAACP, *et al.*,

    *Plaintiffs*,

v.

CITY OF STARKE, FLORIDA, *et al.*,

    *Defendants*.

Case No. 86-5-CIV-J-12 MMH-LLL

FILED
4/22/22
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### PARTIES' JOINT MOTION TO REOPEN THE COURT FILE

The Parties file this joint motion, respectfully requesting that this Court reopen the file in this case, for the reasons set forth in the following Memorandum. A proposed order is attached hereto as Exhibit 1.

### MEMORANDUM

1. On January 3, 1986, the Bradford County Branch of the NAACP, along with individual plaintiffs Elizabeth Walker, Jimmie L. Scott,[1] Carolyn B. Spooner, and Maurice J. White,[2] filed this class action suit against the City of Starke, Florida, along with its mayor and the four members of its City Commission. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the City Commission

---

[1] As he did not reside within the Starke city limits, Plaintiff Scott later voluntarily withdrew on July 8, 1986. (Order ¶ 1, Doc. 33.)
[2] Plaintiffs Walker and White have subsequently passed away.

1

then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2. This suit was one of a trio of voting rights cases challenging at-large elections in Bradford County, the other two being *Bradford County Branch of the NAACP v. Bradford County Commission*, No. 86-6-Civ-J-14, and *Bradford County Branch of the NAACP v. Bradford County School Board*, No. 84-4-Civ-J-12.

3. On May 6, 1986, upon motion by Plaintiffs, this Court certified a class "consisting of all black residents of Starke, Florida" in this case. (Class Certification Order 1, Doc. 19.)

4. The Court held a bench trial on liability in June 1988, before the late Judge Hodges. (Findings of Fact & Conclusions of Law 2, Doc. 119.) Following that trial, on February 27, 1989, the Court issued its Findings of Fact & Conclusions of Law, concluding that "Plaintiffs have proven their [Voting Rights Act] § 2 vote dilution claim" and "the at-large system used to elect the Starke City Commission operates in a manner which violates Section 2 of the Voting Rights Act." (*Id.* ¶ 66.)

5. On April 26, 1989, the Court issued its Order on Remedial Election Plan, by which "Defendants City of Starke, its City Commissioner[s], their successors and officers are enjoined from utilyzing [sic] city-wide at-large elections to elect members of the City of Starke City Commission. (Order ¶ 1, Doc. 122.) A

copy of the Order on Remedial Election Plan is attached hereto as Exhibit 2.

6. On June 29, 1989, the Court issued its Final Order on Remedial Election Plan ("Final Order"), based on the joint submission of the parties. (Final Order 1–2, Doc. 124.) A copy of the Final Order is attached hereto as Exhibit 3. The Court ordered Defendants to "conduct future elections for the Starke City Commission under a five single member district election system" and adopted the geographical boundaries of those five districts "in accordance with the district map attached hereto as Exhibit 'A' and incorporated herein by reference." (*Id.* 2 & Exh. A.) The Court further ordered that (a) "The Starke City Commission shall continue to be elected for a two year term of office"; and (b) "[a]ll other terms and conditions of this Court's Order on Remedial Election Plan dated April 26, 1989 shall remain in full force and effect." (*Id.* 9.)

7. The Final Order remains in effect today and still binds Defendants and serves as an adjudication of the rights of class members.

8. Consistent with its obligations under the Order on Remedial Election Plan and Final Order, the City of Starke has conducted all its elections since 1989 using the district map ordered by this Court. Notwithstanding the City of Starke's consistency with its obligations under the foregoing Order as to single-member districts, by referendum election held on September 9, 1997, the electors of the City of Starke amended Article III, Section 10 of the Charter of the City of Starke to

change the terms of service of elected city officials from two year terms to four year terms, and all elected city officials, including city commissioners, sworn into office after October 1, 1997 have been elected to serve a four year term.

9. Following the publication of the 2020 U.S. Census, the City analyzed its district map and determined that the City has experienced significant population shifts in the past decades, resulting in substantial inequality of population between the existing five districts.

10. With input and support from Plaintiffs, the City Commission developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when population changes necessitate, *see, e.g., Avery v. Midland Cnty.*, 390 U.S. 474 (1968); *Brown v. Thomson*, 462 U.S. 835 (1983), while also complying with the mandates of the Voting Rights Act.

11. The Parties now request that the Court reopen the file in this case so that the Final Order can be amended to conform to this new, updated redistricting plan, as well as to incorporate changes to the terms of service of the City's elected officials.

12. Along with this Motion, the Parties have jointly moved for modification of judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), to permit the City to update its redistricting map in accordance with the 2020 Census and the Voting Rights Act.

13. Additionally, Plaintiffs have filed an agreed motion to substitute the

4

Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") as a Plaintiff in this matter, in lieu of one original plaintiff, the Florida NAACP's now-dormant Bradford County Branch.

14. The Parties do not anticipate any contested issues during this short reopening of the case, nor do they plan to request any hearing or other conference.

15. The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. *See, e.g., Glenn v. Jackson Cnty.*, Case No. 5:84-CV-2110-RV (N.D. Fla. Mar. 15, 2022) (ECF 72); *Glenn v. Jackson Cnty. Sch. Bd.*, Case No. 5:84-CV-2109-RV (N.D. Fla. Feb. 16, 2022) (ECF 54); *Tallahassee Branch of the NAACP v. Leon Cnty.*, Case No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (ECF 147, 150, 152) (orders granting motions to modify judgment).

**WHEREFORE**, the Parties respectfully request that the Court grant their Joint Motion to Reopen the Court File.

Respectfully submitted this 20th day of April, 2022,

/s/ Nicholas Warren
Nicholas Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc.**
336 East College Ave., Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida, Inc.**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

*Counsel for the Class and the Florida NAACP*

/s/ Clay Martin
Clay Martin (FBN 126380)
**Folds Walker, LLC**
527 East University Ave.
Gainesville, FL 32601
(352) 372-1282
clay@foldswalker.com

*Counsel for Defendants*